UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DAVID LEE GENTLES,                    )
                                      )
                    Petitioner,       )
                                      )
        vs.                           )          Case No. 1:17CV00200 SNLJ
                                      )
UNITED STATES OF AMERICA,             )
                                      )
                    Respondent.       )

## MEMORANDUM AND ORDER

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set

aside or correct sentence by David Lee Gentles, a person in federal custody. On April 29,

2015, Gentles was found guilty of the offense of Receipt of Child Pornography, Use of

Internet to Distribute Child Pornography and Use of Internet to Knowingly Attempt to

Transfer Obscene Matter to a Minor Individual and, on August 11, 2015, this Court

sentenced Gentles to the Bureau of Prisons for a term of 120 months, a sentence within

the sentencing guideline range.  Gentles' § 2255 action, which is based on several

allegations of ineffective assistance of counsel, is fully briefed and ripe

for disposition.

## I. BACKGROUND

**A. THE INDICTMENT**

Gentles was indicted by a grand jury on November 15, 2012, and originally

charged with one count of transferring obscene matter to an individual less than sixteen

years old via the Internet in violation of 18 U.S.C. § 1470. (DCD 1)[1] On May 7, 2014,

Gentles was charged in a Superseding Indictment, which clarified that Gentles was being

charged with the attempt to transfer obscene matter to an individual less than sixteen

years old via the Internet. (DCD 84)

On March 19, 2015, Gentles was charged in a Second Superseding Indictment

with three counts: knowingly receiving images of child pornography in violation of 18

U.S.C. § 2252A(a)(2), knowingly distributing images of a minor engaging in sexually

explicit conduct in violation of 18 U.S.C. § 2252A(a)(3)(B), and knowingly attempting to

transfer obscene matter to an individual less than sixteen years old via the Internet in

violation of 18 U.S.C. § 1470.

## B. MOTIONS TO SUPPRESS

Gentles filed a Motion to Suppress Evidence on October 7, 2013. (DCD 57) After

a hearing on that motion, a Report and Recommendation was issued by Magistrate Judge

Blanton which denied Gentles' Motion to Suppress Evidence. (DCD 76) Judge Limbaugh

issued an Order on March 14, 2014, upholding Judge Blanton's Report and

Recommendation, "but only to the extent of the 'good faith exception' analysis." (DCD

82) Gentles then filed a Supplemental Motion to Suppress Evidence on September 26,

2014, alleging that Special Agent Logan's involvement in the investigation violated 18

---

[1] References to motions and rulings shall be to the district court docket number for such motion, such as "DCD ___, p. __;" references to the transcript of the first motion to suppress hearing, held on November 1, 2013, docket number 67 in the district court's file, shall be as "I MTS TR., p. ___;" references to Government's Exhibit 6, admitted at the first motion to suppress hearing and set forth in pertinent part in the Addendum to Gentles' Brief, shall be as "Govt. Exh. 6, Gentles' Add., p. ___;" references to the trial transcripts shall be either "I or II T. Tr. ____;" and references to the Sentencing Transcript (DCD 190) shall be as "Sent. TR., p. __."

U.S.C. § 1385, known as the Posse Comitatus Act. (DCD 102) After a hearing on that motion, it was also denied. (DCD 121, 122)

Facts presented at the hearing on Gentles' first Motion to Suppress include the following:

On May 16, 2012, Captain David Sutton of the Poplar Bluff Police Department (PBPD) received a referral from Lieutenant Mateja of the Missouri Internet Crimes Against Children Task Force that a Naval Criminal Investigative Services (NCIS) Special Agent was concerned that David Gentles of Leeper, Missouri may be involved in the sexual exploitation of a child. (I MTS TR., pp. 8-10) Lieutenant Mateja relayed that in March of 2012, the NCIS Agent (working in an undercover capacity) had posed as a 12-year-old girl (using the screen name "SunnySara12") and chatted with a person on Yahoo using the screen name "hellosweetdarlin." (I MTS TR, pp. 9-10) During the chat, "hellosweetdarlin" instructed "SunnySara12" on how to masturbate; "hellosweetdarlin" also stated that he had taught his 14-year-old daughter to masturbate. (I MTS TR., p. 10) Lieutenant Mateja advised Captain Sutton that the NCIS Agent confirmed that the IP address used by "hellosweetdarlin" was assigned to David Gentles of Leeper, Missouri. *Id.*

In addition to the referral from Lieutenant Mateja, the information Captain Sutton received concerning the NCIS Agent's on-line chat with "hellosweetdarlin," included: a copy of the chat communication between the NCIS Agent acting as "SunnySara12" and "hellosweetdarlin," identified at the hearing as Government's Exhibit 2; a disc containing a copy of the video file depicting the March 21, 2012 on-line session of the NCIS Agent

that involved "hellosweetdarlin," and depicted Gentles masturbating, which was identified at the hearing as Government's Exhibit 3; a copy of a subpoena sent to Windstream Communications from the National Center for Missing and Exploited Children (NCMEC) for information related to 173.186.193.43 (an Internet Protocol (IP) address) on March 21, 2012 at 15:06:39 EDT, identified at the hearing as Government's Exhibits 4 and 4A; and the administrative subpoena response from Windstream Communications indicating that David Gentles was the subscriber of the Internet Protocol (IP) address associated with "hellosweetdarlin," identified at the hearing as Government's Exhibit 5. (I MTS TR., pp. 11-18)

Captain Sutton reviewed the video file depicting the on-line session between the NCIS Agent and "hellosweetdarlin," which occurred on March 21, 2012. (I MTS TR., p. 12)

The information Windstream Communications provided in response to the NCMEC subpoena was faxed on May 8, 2012, and admitted at the hearing as Government's Exhibit 5. (I MTS TR., p. 16) Specifically, Windstream Communications' response included the following details:

a) starting on March 19, 2012 at 22:22:45 and stopping on March 26, 2012 at 22:22:45, IP address 173.186.193.43 was assigned to David Gentles;

b) the user identification associated with David Gentles' account was "fcgc01;"

c) Gentles' "billing address" was P.O. Box 38, Mill Springs, MO 63952;

d) Gentles' "physical address" was Route 3, Box 7292, Hwy 495 in Looper, MO 63957;

e) the account type was DSL, starting September 5, 2008;

f) the status of the account was "Active;" and

g) between May 10, 2011 and May 5, 2012, the bills paid by Gentles ranged from $177.82 up to $230.79.

(I MTS TR., pp. 18-19; Gentles' Add., pp. A9-A12) (emphasis added) Captain Sutton

believed the reference to Looper was a typographical error, and should have been to the

town of Leeper, Missouri. (I MTS TR., pp. 19-20)

To investigate the allegations in the referral, Captain Sutton traveled to the Wayne

County Sheriff's Department (WCSD) and contacted Sergeant Massa. (I MTS TR., p. 20-

21) Sergeant Massa told Captain Sutton that he was familiar with David Gentles and

advised that Gentles lived at 103 5th Street in Mill Spring, Missouri. Sergeant Massa

added that he believed Gentles lived alone and that Gentles did not have young children.

(I MTS TR., p. 20-21) Although the WCSD authorities did not believe Gentles had a

teenager living with him, Captain Sutton knew "that sometimes a suspect will try to

engage a child in a conversation like this, will pretend to have a child, and they'll talk

about how they have done this with . . . children before and that they liked it." (I MTS

TR., p. 51)

The officers also retrieved information from the Missouri Uniform Law

Enforcement System checking for other vehicles and for Gentles' operator's license. That

database also indicated that Gentles' address was 103 5th Street in Mill Spring. Captain

Sutton subsequently traveled with Sergeant Massa to Gentles' 103 5th Street residence to

talk to Gentles, but no one answered the door. (I MTS TR., p. 21)

The next day, May 17, 2012, Captain Sutton prepared an affidavit and application for a search warrant to search Gentles' residence located at 103 5th Street in Mill Spring, which was issued later that day by the Circuit Court of Wayne County, Missouri.

The search warrant was executed at Gentles' Mill Spring residence between 3:00 and 3:30 p.m. on May 17, 2012. (I MTS TR., p. 30) No one was home and the officers entered the residence. (I MTS TR., p. 30) The items seized pursuant to the warrant included a red Gateway laptop computer, a black Fuji Film digital camera, a sheet of paper with notes, and a Maxwell CDR disc. (I MTS TR., p. 31-32)

Officers took photographs, including pieces of mail addressed to Gentles and other items that Captain Sutton observed in the webcam transmission between "hellosweetdarlin" and "SunnySara12," which were admitted at the suppression hearing as Government Exhibits 9-11. (I MTS TR., pp. 32-34)

On May 23, 2012, PBPD Detective Greg Brainard applied for and received a search warrant to examine the computer related items that had been seized from Gentles' residence. (I MTS TR., p. 37) The search warrant was secured so that Detective Brainard could conduct a forensic examination of the items seized from Gentles' residence. *Id.* During a search of Gentles' computer, forensic investigators discovered evidence of "hellosweetdarlin" being used as an account, along with an image of the icon for "SunnySara12," and several images of child pornography, on Gentles' hard drive.

**C. JURY TRIAL**

On April 28 and 29, 2015, the case against Gentles was tried before a jury. The jury convicted him on all three counts charged in the Second Superseding Indictment. (DCD 155, 160)

Prior to trial, a discussion was held relative to plea negotiations between the Government and Gentles' attorneys, and plea offers extended by the Government which were rejected by Gentles.

> Mr. Hahn: Your Honor, the only other thing at this moment that I can think of is representation or something on the record relative to any offers that were made by the Government for the disposition of this case, which if the court would like to address that.

> The Court: Yeah. Why don't you go ahead and make a statement on that issue too.

> Mr. Hahn: Yes, Your Honor. When this case was initially charged I think in 2012, at some point the following year the previous prosecutor, now magistrate Judge Abbie Crites-Leoni, made an offer to resolve this case based on a plea to the only count then existing, which was the count of attempting to transfer obscene matter over the internet to someone less than 16 years old.

> There was a plea agreement drafted to that effect. And the attorney for Mr. Gentles at that time was the federal public defender Mr. Scott Tilsen. That offer was rejected at that time it is my understanding.

> I got involved in the case I think January of 2014. And Mr. Wilson was then in the case after replacing Mr. Tilsen. That same offer that was memorialized in a proposed plea agreement between Abbie Crites-Leoni and Mr. Tilsen was then renewed by the Government, which involved reducing the charge, which is for that kind of charge was 18 U.S.C. 1470 reducing that charge to 18 U.S.C. 1462, which was simply attempting to transfer obscene matter over the internet or charging that. We renewed that offer, and that offer was also rejected.

> And since that time that indictment has been superseded with a second superseding indictment adding two counts that are set forth in Counts 1 and 2 on receiving and distributing child pornography. There have been no additional offers from our office to resolve this case.

There has been a discussion with Mr. Wilson in that Mr. Wilson did indicate after the superseding indictment he asked, we discussed would the Government accept a plea offer of 60 months of five years. And my response was I would review that if that offer was made from the defense. If Mr. Gentles was willing to plead to five years. I would review that with my supervisors.

No offer was made by me, but I made it clear that Mr. Wilson on behalf of Mr. Gentles would have to make that offer. And that offer has not been made. It's not been considered by my office.

The Court: Do you was to address this, Mr. Wilson?

Mr. Wilson: Yes, Judge. Everything that Mr. Hahn said I believe is accurate up until the time I got into the case. I was not in this when Mr. Tilsen was, but from what I learned from Tilsen I believe what he has represented here today is accurate.

With respect to the offer of a plea once I got into the case to the single count of attempt to transfer that offer was rejected. There were discussions as recently as I think maybe two months ago about the possibility after the second superseding indictment which contains a potential for a five-year mandatory minimum sentence. There was a discussion, as he represented, where I opened the door and said if Mr. Gentles would accept this would the Government agree to a firm disposition at 60 months.

And, as Mr. Hahn represented he said he'd have to ask his superiors, but that we would need to come back. And I have discussed that possibility with Mr. Gentles. And I did not get back to Mr. Hahn, because I was instructed by Mr. Gentles that that was not acceptable.

The Court: Do you agree with that, Mr. Gentles?

The Defendant: Yes.

The Court: Okay. And so let me ask you then while we're up here have any other plea offers been made by the Government that you have not in turn conveyed to your client?

Mr. Wilson: No.

Mr. Hahn: No, Your Honor.

(I T.Tr. 8-12)

**D. PRESENTENCE REPORT**

The Presentence Report (PSR) provided that Gentles' Base Offense Level was 22 pursuant to USSG § 2G2.2(a)(2) for an offense involving receipt of child pornography, which was enhanced two levels pursuant to USSG § 2G2.2(b)(2) for an offense involving a prepubescent minor or a minor who had not attained the age of 12 years. An additional five levels were added pursuant to USSG § 2G2.2(b)(3)(B) since the offense involved the distribution for the receipt, or the expectation of receipt, of a thing of value, but not pecuniary gain. Four levels were added pursuant to USSG § 2G2.2(b)(4) because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence, and two more levels were added pursuant to USSG §2G2.2(b)(6) for use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material or for accessing with intent to view the material. Since the offense involved at least 10 images, but fewer than 150 images, two more levels were added pursuant to USSG §2G2.2(b)(7)(A). (PSR &¶ 20-25).

Gentles' total offense level was 37. (PSR ¶32) Gentles criminal history score was zero, which established a criminal history category of I. (PSR &35). Based on a total offense level of 37 and a criminal history category of I, Gentles's guideline imprisonment range was 210 to 262 months. (PSR ¶65)

**E. SENTENCING HEARING**

At sentencing, this Court adopted the factual findings of the Presentence Investigation Report (PSR), and determined that the total offense level was 37, and the criminal history category was I. This Court imposed a sentence of 120 months of

imprisonment on each count to run concurrently, to be followed by a 15 year term of supervised release on Counts I and II, and a 3 year period of supervised release on Count III. All periods of supervised release are to run concurrently. (Sent. Tr., pp. 10-11) Gentles timely filed his Notice of Appeal.

**F. DIRECT APPEAL**

Gentles appealed his conviction, based on this Court's denial of his motion to suppress evidence seized at his residence during the execution of a search warrant. Gentles' conviction was affirmed by the Eighth Circuit on December 6, 2016, in an unpublished opinion. United States v. Gentles, 672 Fed. Appx. 609 (8th Cir. 2016) (unpublished).

**G. MOTION FOR POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255.**

On November 16, 2017, Gentles timely filed a Motion pursuant to 28 U.S.C. ' 2255 to vacate, set aside, or correct his sentence, alleging four reasons why he was denied effective assistance of counsel, plus a claim his sentence violated the Eighth Amendment to the United States Constitution.

1. In his first allegation, Gentles alleges that his "trial counsel was ineffective by failing to gain suppression or limit trial exposure for clear violation of the Posse Comitatus Act" and that his "appellate counsel was ineffective for failure to brief preserved error." (2255 Mot. Memo p. 7)

2. In his second allegation, Gentles alleges that his "trial counsel was ineffective for failure to seek psychosexual evaluation before providing advice on proceeding to trial, or acceptance of a plea offer." (2255 Mot. Memo p. 14)

3. In his third allegation, Gentles alleges that his "counsel was ineffective in failing to adequately explain guideline exposure where favorable and beneficial plea was twice offered by the Government." (2255 Mot. Memo p. 18)

4. In his fourth allegation, Gentles alleges that "counsel was ineffective in failing to challenge eleven of the fifteen points of aggravating enhancements applied at sentencing." (2255 Mot. Memo p. 25)

5. For his fifth allegation, Gentles asserts "an Eighth Amendment challenge to U.S.S.G § 2G2.2." (2255 Mot. Memo p. 31)

## II. APPLICABLE LAW

**A. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF.**

28 U.S.C. § 2255 provides in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the Petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the Petitioner to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. Section 2255 provides a remedy for jurisdictional and constitutional errors. A defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction to impose a sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011), citing 28 U.S.C.A. § 2255(a).

In determining whether petitioner is entitled to an evidentiary hearing the court must consider "[a] petitioner's allegations … as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012), citing *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240 (1979), quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962). The court need not give weight to "conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993)

"No hearing is required when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." W*atson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007), quoting *Shaw v. United States*, 24 F.3d 1040,

1043 (8th Cir. 1994). *See also United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (2255 "petition can be dismissed without a hearing if . . . the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact").

## B. CLAIMS ALLEGING INEFFECTIVE ASSISTANCE OF COUNSEL.

To prevail on a claim alleging ineffective assistance of counsel, the Petitioner must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, the Petitioner must first show that the counsel's performance was deficient. *Id*. at 687. This requires the Petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, the Petitioner must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The Eighth Circuit has described the two-fold test as follows: (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different." *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993) (quotations omitted). The Eighth Circuit has also described the *Strickland* test as follows:

"whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the "court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027, quoting *Strickland*, 466 U.S. at 688. A reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "'When assessing attorney performance, courts should avoid the distorting effects of hindsight and try to evaluate counsel's conduct by looking at the circumstances as they must have appeared to counsel at the time.'" *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010), quoting *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005).

### III. DISCUSSION

**A. GENTLES' TRIAL COUNSEL WAS NOT INEFFECTIVE BY FAILING TO GAIN SUPPRESSION OF EVIDENCE FOR ALLEGED VIOLATION OF THE POSSE COMITATUS ACT (18 U.S.C. § 1385), NOR WAS APPELLATE COUNSEL INEFFECTIVE FOR FAILING TO BRIEF THE DISTRICT COURT'S FAILURE TO SUPPRESS EVIDENCE BASED ON AN ALLEGED VIOLATION OF THE POSSE COMITATUS ACT**

For his argument for his first claim, Gentles complains that his "trial counsel was ineffective by failing to gain suppression or limit trial exposure for clear violation of the

Posse Comitatus Act," and that his "appellate counsel was ineffective for failure to brief preserved error" relative to his claimed violation of the Posse Comitatus Act. (2255 Mot. Memo p. 7) Relative to Gentles' claim that his trial counsel was ineffective for failing to have the evidence seized from his residence suppressed for a violation of the Posse Comitatus Act, the record amply refutes such claim. While Gentles' case was pending in this Court, on September 12, 2014, the Ninth Circuit issued its original opinion in *United States v. Dreyer*, 767 F.3d 826 (9th Cir. 2014), reh'g granted, 782 F.3d 416 (9th Cir. 2015), holding that Naval Criminal Investigative Services (NCIS) Special Agent Stephen Logan violated the Posse Comitatus Act (18 U.S.C. § 1385) by searching for child pornography on computers located in Washington state from his office in Georgia. After Gentles' motion was heard, and denied by this Court, the 9th Circuit abrogated *Dreyer I* on en banc review. *United States v. Dreyer*, 804 F.3d 1266 (9th Cir. 2015). Agent Logan was also the investigating officer in the case against Gentles. Less than two weeks later, trial counsel filed a motion for leave to file a Supplemental Motion to Suppress Evidence (Doc. 100), which was granted the following day on September 26, 2014. (Doc. 101) That same day, trial counsel filed a Supplemental Motion to Suppress Evidence, alleging a violation of the Posse Comitatus Act, and citing the Ninth's Circuit's opinion in *Dreyer*. (Doc. 102) A response was filed by the Government to Gentles' Supplemental Motion to Suppress Evidence (Doc. 106), and a hearing was held on the motion on October 16, 2014. (Doc. 107) Transcripts were obtained of the testimony presented at the hearing. (Doc. 112)

On December 9, 2014, Gentles' trial counsel filed a Memorandum in Support of his Supplemental Motion to Suppress Evidence based on a violation of the Posse Comitatus Act, and the Ninth Circuit's opinion in *Dreyer*. (Doc. 118) The Government then filed its Post-Hearing Memorandum in Opposition to Defendant's Supplemental Motion to Suppress Evidence. (Doc. 120) In a very thorough Report and Recommendation, on January 22, 2015, Magistrate Judge Mensah carefully analyzed the issues presented, and denied Gentle's Supplemental Motion to Suppress Evidence based on a violation of the Posse Comitatus Act. (Doc. 121) On February 23, 2015, this Court adopted Magistrate Judge Mensah's Report and Recommendation, and denied Gentles' Supplemental Motion to Suppress Evidence. (Doc. 122)

As is apparent from a review of the motions and memorandums filed by Gentles' trial counsel, he vigorously contested the admission of the evidence seized during the execution of the search warrant at Gentles' residence based on a claimed violation of the Posse Comitatus Act and the Ninth Circuit's initial holding in *Dreyer*.

Relative to Gentles' claim that Mr. Wilson as appellate counsel was ineffective for failing to appeal this Court's denial of his motion to suppress for a violation of the Posse Comitatus Act, review of claims that counsel was ineffective for failing to advance a claim on appeal is deferential. "Our review is particularly deferential when reviewing a claim that appellate counsel failed to raise an additional issue on direct appeal." *Charboneau v. United States*, 702 F.3d 1132, 1136 (8th Cir. 2013).

> "The Sixth Amendment does not require that counsel raise every colorable or non-frivolous claim on appeal." *New v. United States*, 652 F.3d 949, 953 (8th Cir. 2011). Where, as here, "appellate counsel competently asserts some claims on a

> defendant's behalf, it is difficult to sustain a[n] ineffective assistance claim based
> on allegations that counsel was deficient for failing to assert some other claims."
> This is because one of appellate counsel's functions is to winnow the available
> arguments and exercise judgment about which are most likely to succeed on
> appeal. *Gray v. Norman*, 739 F.3d 1113, 1117–18 (8th Cir. 2014) (alteration in
> original) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006)).

*Walker v. United States*, 810 F.3d 568, 579–80 (8th Cir.), cert. denied, 136 S. Ct. 2042

(2016).

To prevail on this claim, Gentles must show, under *Strickland*, that Mr. Wilson

was deficient for failing to brief Gentles' Posse Comitatus claim on appeal, and that he

was prejudiced by Mr. Wilson's failure to brief that claim on appeal. "The deficient

performance standard is rigorous. 'Experienced advocates since time beyond memory

have emphasized the importance of winnowing out weaker arguments on appeal.'"

*United States v. Brown*, 528 F.3d 1030, 1032–33 (8th Cir. 2008), quoting *Jones v.

Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308 (1983). Unless there is evidence to the

contrary, "we assume that appellate counsel's failure to raise a claim was an exercise of

sound appellate strategy." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir.1998) (quotation

omitted). "The prejudice standard is equally rigorous." *Brown*, 528 F.3d at 1033. Gentles

must establish that the outcome of his direct appeal would have been different—that the

Eighth Circuit would have reversed his conviction on the basis that the search of

residence was unlawful based on a violation of the Posse Comitatus Act, and that the

evidence obtained during the search should have been suppressed. *See Becht v. United

States*, 403 F.3d 541, 546 (8th Cir.2005). Although Gentles claims that his counsel was

ineffective, he does not show that even if such claim had been briefed on appeal, that the

Eighth Circuit would have found in his favor. Gentles cannot make that showing. Indeed, the original *Dreyer* opinion Gentles relied on in advancing his Posse Comitatus claim, was abrogated by the Ninth Circuit, and on en banc review, the Ninth Circuit ruled that suppression of the evidence based on a violation of the Posse Comitatus Act was not appropriate, and affirmed the district court's denial of Dreyer's motion to suppress. *United States v. Dreyer*, 804 F.3d 1266 (9th Cir. 2015) (en banc).

Gentles cannot show that his counsel was ineffective for failing to get the evidence seized from his residence suppressed for a violation of the Posse Comitatus Act, either before this Court or on appeal. Gentles has not shown, nor can he, that his counsel was deficient for failing to pursue such claim on appeal, or that he was prejudiced for such failure.

Gentles's claim for ineffective assistance of counsel as stated in his first claim is devoid of merit, is refuted by the record, and will be denied.

## B. GENTLES' COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO SEEK PSYCHOSEXUAL EVALUATION BEFORE PROVIDING ADVICE ON PROCEEDING TO TRIAL, OR ACCEPTANCE OF A PLEA OFFER

Gentles is claiming that "one of the most important pieces of mitigating evidence an attorney can acquire in his defense arsenal (for these type and kind of offenses), would be a positive or favorable psychosexual examination which demonstrates by expert opinion, that his client would be extremely unlikely to re-offend." (2255 Mot. Memo pp. 14-15) Gentles' argument is that he would have received a lower sentence had such evidence been presented to this Court at sentencing. This argument is purely a sentencing argument, and not one claiming innocence of the indicted offenses. Gentles claims that

his "age, both at the time of sentencing and at the time of release following service of his sentence, indicates that he is unlikely to recidivate." *Id*. at 16.

Gentles' second claim also fails *Strickland's* requirements of deficient performance on the part of his counsel, and resulting prejudice, in that Gentles has not shown that he would have received a lower sentence that the sentence of 120 months this Court imposed. Gentles' guideline range was 210 months to 262 months. (Sent. Tr. p. 3) Gentles has not shown any deficiency on the part of Mr. Wilson for failing to present a decreased probability of reoffending at his age. There is no proof that in Gentles' case, he had a decreased probability of reoffending. In fact, Gentles was 58 years old when he committed the indicted offenses. Gentles' conduct was deliberate and the comments he made to a person he believed to be a 12-year-old girl were indicative of someone who was likely to reoffend.

Gentles' argument that he would not reoffend was based primarily on his age and lack of criminal history. This Court was well aware of Gentles' age and lack of criminal history at the time of sentencing. In fact, the Government referenced both in making a recommendation to this Court to sentence Gentles to the low end of the guideline range of 210 months. (Sent. Tr. 4-5) Gentles' counsel urged this Court to impose the minimum sentence of five years on Counts I and II, based primarily on "Gentles' age and a life pretty well lived for a long, long time and self supporting and his physical condition," and then a sentence that this Court would deem appropriate for Count III. Mr. Wilson referred multiple times to Gentles' age in recommending a sentence far below the

guideline range of 210-262 months. (Sent. Tr. 5-7) Mr. Wilson summarized his plea for

leniency for Gentles:

> Given all those circumstances and the nature of the case and Mr. Gentles' situation
> we would ask the Court to give favorable consideration to a much, much shorter
> sentence. I understand that's a significant variance, but, given his age and where
> he would be at the conclusion of such a sentence in life and the cost of maintaining
> him inside of a prison facility, it seems to me that it would be more appropriate.

(Sent. Tr. p. 7)

Contrary to Gentles' second claim, this Court considered the factors referenced in

his claim in mitigation for his sentence. In imposing a sentence of 120 months, this Court

varied downward 90 months from the guideline minimum of 210 months, a 43%

downward variance. This Court's rationale for imposing that sentence considered the

primary mitigating factors Gentles' argues in his second claim of ineffective assistance of

counsel.

> That said, there are quite a few mitigating factors in your case, your age, your very
> poor health, your lack of any kind of criminal history, the fact you've led a pretty
> good life up until these charges were incurred, a supportive family. I paid special
> attention, as I mentioned, to the many letters that were written on your behalf by
> friends and family.

(Sent. Tr. pp. 9-10)

Gentles' second claim of ineffective assistance of counsel fails both prongs of the

*Strickland* standard. Contrary to Gentle's claim of deficiency, Mr. Wilson pointed out the

mitigating factors favoring Gentles receiving a sentence lower than the guideline range.

Mr. Wilson was very effective in advocating for a significant downward variance for

Gentles, so effective that Gentles received a sentence far below the guideline minimum of

210 months. Gentles has made no showing that he would have received a lower sentence

than the lenient sentence of 120 months he received. Gentles cannot establish that his counsel was deficient, or that he was prejudiced, by his counsel's very effective advocacy for a below guideline sentence, or claiming, without support, that a psychosexual evaluation would have resulted in a lower sentence. Such an evaluation might have shown Gentles to be a risk of committing another offense, sexual in nature, especially when Gentles committed the indicted offenses when he was 58 years old.

Accordingly, Gentles' second claim for ineffective assistance of counsel is devoid of merit, is refuted by the record, and will be denied.

## C. GENTLES'S COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO ADEQUATELY EXPLAIN GUIDELINE EXPOSURE

In his third allegation, Gentles claims that his counsel was ineffective in failing to adequately explain guideline exposure where a favorable and beneficial plea was twice offered by the Government. (2255 Mot. Memo p. 18) Gentles claims that he "was deprived of the sentencing benefits of the government's plea offer by the ineffective assistance of counsel." *Id*. at 24. Gentles claims that the "appropriate remedy in this case is to permit Gentles to reconsider and accept the offer of 60 months discussed in April of 2015 . . ." *Id*.

Gentles' counsel was not ineffective for failing to explain the application of the United States Sentencing Guidelines to Gentles' case. In support of his Motion, Gentles filed as Exhibit 2, a letter to Gentles from Mr. Wilson indicating that as originally charged, a "plea would have likely entailed a likely sentence in the range of 16 to 20 months, and would not have been a registration offense."

(Letter from Counsel to Gentles, dated April 15, 2015) From this letter, it is clear that Mr. Wilson explained to Gentles the likely consequence under the United States Sentencing Guidelines of pleading to an amended charge.

As presented to this Court on the first day of trial, Gentles had rejected prior plea offers from the Government.

> Mr. Hahn: Yes, Your Honor. When this case was initially charged I think in 2012, at some point the following year the previous prosecutor, now magistrate Judge Abbie Crites-Leoni, made an offer to resolve this case based on a plea to the only count then existing, which was the count of attempting to transfer obscene matter over the internet to someone less than 16 years old.

> There was a plea agreement drafted to that effect. And the attorney for Mr. Gentles at that time was the federal public defender Mr. Scott Tilsen. That offer was rejected at that time it is my understanding.

> I got involved in the case I think January of 2014. And Mr. Wilson was then in the case after replacing Mr. Tilsen. That same offer that was memorialized in a proposed plea agreement between Abbie Crites-Leoni and Mr. Tilsen was then renewed by the Government, which involved reducing the charge, which is for that kind of charge was 18 U.S.C. 1470 reducing that charge to 18U.S.C. 1462, which was simply attempting to transfer obscene matter over the internet or charging that. We renewed that offer, and that offer was also rejected.

Gentles agreed with the Government's statements to the Court regarding prior plea offers, and his rejection of those offers. (I T.Tr. 9-10)

Gentles is not claiming that his counsel was ineffective relative to providing advice on taking the original plea offer extended by the Government. This is likely because Mr. Wilson made clear to Mr. Gentles that he "thought it was a good recommendation." (Letter from Counsel to Gentles, dated April 15, 2015, Exhibit 2 attached to Gentles' Motion) Rather, Gentles is claiming that his counsel should have

advised to take a five-year deal offered by the Government right before trial. One major

problem with that claim is that there was no five-year offer from the Government at the

time of trial. The record makes clear that the Government was not making any plea offer

for Gentles to serve five years imprisonment.

Mr. Hahn: (continued) And since that time that indictment has been superseded with a second superseding indictment adding two counts that are set forth in Counts 1 and 2 on receiving and distributing child pornography. There have been no additional offers from our office to resolve this case.

There has been a discussion with Mr. Wilson in that Mr. Wilson did indicate after the superseding indictment he asked, we discussed would the Government accept a plea offer of 60 months of five years. And my response was I would review that if that offer was made from the defense. If Mr. Gentles was willing to plead to five years. I would review that with my supervisors.

No offer was made by me, but I made it clear that Mr. Wilson on behalf of Mr. Gentles would have to make that offer. And that offer has not been made. It's not been considered by my office.

The Court: Do you was to address this, Mr. Wilson?

Mr. Wilson: Yes, Judge. Everything that Mr. Hahn said I believe is accurate up until the time I got into the case. I was not in this when Mr. Tilsen was, but from what I learned from Tilsen I believe what he has represented here today is accurate.

With respect to the offer of a plea once I got into the case to the single count of attempt to transfer that offer was rejected. There were discussions as recently as I think maybe two months ago about the possibility after the second superseding indictment which contains a potential for a five-year mandatory minimum sentence. There was a discussion, as he represented, where I opened the door and said if Mr. Gentles would accept this would the Government agree to a firm disposition at 60 months.

And, as Mr. Hahn represented he said he'd have to ask his superiors, but that we would need to come back. And I have discussed that possibility with Mr. Gentles. And I did not get back to Mr. Hahn, because I was instructed by Mr. Gentles that that was not acceptable.

The Court: Do you agree with that, Mr. Gentles?

The Defendant: Yes.

(I T.Tr. 10-12)

Contrary to Gentles' claims, Mr. Wilson was not ineffective for failing to advise Gentles to accept a five-year mandatory minimum offer from the Government, for at least two reasons. First, as indicated during the discussion with the Court regarding plea offers, no such five year offer was extended by the Government. Any such offer to plead guilty would have to originate with Gentles, which he refused to do. Secondly, it is clear that Gentles would not have accepted a five-year offer had such an offer been extended by the Government.

Gentles is required to show nonconclusory, credible evidence that there is a reasonable probability that he would have pled guilty. "When the defendant's claim is that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show prejudice, the defendant 'must show that, but for his counsel's advice, he would have accepted the plea.'" *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), quoting *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

Again Gentles' claim fails both of *Strickland's* requirements to establish a claim of ineffective assistance of counsel. He cannot show, and does not allege sufficient facts to show, Mr. Wilson was deficient in this claim, nor can Gentles show he was prejudiced by any alleged deficiencies. "To establish prejudice and receive an evidentiary hearing, [Gentles] must present some nonconclusory, credible evidence showing that there is a

reasonable probability that, but for his counsel's advice, he would have accepted the plea

agreement." *Moses v. United States*, 175 F.3d 1025, 1999 WL 195675 *1 (8th Cir. 1999)

(unpublished).

> Given the absence of any nonconclusory, credible evidence supporting
> Moses's self-serving post-conviction statements that he would have accepted the
> plea agreement absent his counsel's allegedly deficient performance, we conclude
> his statements are not sufficient to establish a reasonable probability he would
> have done so. Thus, the district court did not abuse its discretion denying Moses's
> section 2255 motion without an evidentiary hearing. . . .

Moses, 1999 WL at *2.

Prejudice is possible where defense counsel failed to provide accurate advice

regarding the plea agreement offer, but to establish prejudice, "the petitioner must begin

by proving that a plea agreement was formally offered by the government." *Kingsberry v.

United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) (denial of evidentiary hearing upheld

relative to allegation of ineffective assistance of counsel for failing to advise defendant to

plead guilty when the record was insufficient to show conclusively that a formal plea

offer existed). Gentles does not show facts to support his claim that a five-year offer was

offered to him by the Government. In fact the record shows that no such offer was made

by the Government, and that Gentles did "not wish to entertain any plea agreements, and

that [he wants] to proceed to trial." (Letter from Counsel to Gentles, dated April 15,

2015, Exhibit 2 attached to Gentles' Motion; I T.Tr. 8-12) Gentles made clear before trial

that he had no interest in asking the Government for a plea offer to be imprisoned for five

years. I T.Tr. 12.

Gentles "chose to gamble on acquittal, and he cannot now shift gears and credibly complain about his choice." *Moses*, 1999 W.L. at *2. Gentles is not entitled to an evidentiary hearing because he has not alleged or presented credible, nonconclusory evidence that he was offered a five-year term of imprisonment if he would plead guilty, or would have pled guilty had he been advised to do so by counsel. "His bald assertion that his counsel's advice caused him to go to trial—an assertion that is unsupported by any affidavits or other evidence—is insufficient to show that he would have otherwise pled guilty." *United States v. Dixon*, 2013 WL 1408577, at *4 (D. Minn. Apr. 8, 2013)

Accordingly, Gentles' third claim for ineffective assistance of counsel is devoid of merit, is refuted by the record, and will be denied without an evidentiary hearing.

## D. GENTLES'S COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO CHALLENGE ELEVEN OF THE FIFTEEN POINTS OF AGGRAVATING ENHANCEMENTS APPLIED AT SENTENCING.

In his fourth allegation, Gentles claims that his counsel was ineffective for failing to challenge eleven of the fifteen points of aggravating enhancements applied at sentencing. Gentles claims that eleven of the enhancement points "should have merited something beyond the "no objections" filed by counsel just eighteen (18) days before sentencing." (2255 Mot. Memo p. 25)

Gentles' counsel was not ineffective for failing to challenge the guidelines enhancements applicable to his case. Gentles fails to acknowledge that the proof for most of those enhancements identified in paragraphs 21-25 of the Presentence Report were presented to this Court at trial. Had Mr. Wilson objected to those enhancements, this Court would have denied the objections. "No credible evidence points to the conclusion

that the district court would have changed its ruling based on an objection from counsel. Thus, it cannot be said that counsel's failure to object prejudiced [Gentles]." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995).

Gentles' fourth claim of ineffective assistance of counsel again fails both prongs of *Strickland's* requirements. The PSR provided that Gentles' Base Offense Level was 22 pursuant to USSG § 2G2.2(a)(2) for an offense involving receipt of child pornography, which was enhanced two levels pursuant to USSG § 2G2.2(b)(2) for an offense involving a prepubescent minor or a minor who had not attained the age of 12 years. An additional five levels were added pursuant to USSG § 2G2.2(b)(3)(B) since the offense involved the distribution for the receipt, or the expectation of receipt, of a thing of value, but not pecuniary gain. Four levels were added pursuant to USSG § 2G2.2(b)(4) because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence, and two more levels were added pursuant to USSG §2G2.2(b)(6) for use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material or for accessing with intent to view the material. Since the offense involved at least 10 images, but fewer than 150 images, two more levels were added pursuant to USSG § 2G2.2(b)(7)(A). (PSR &¶ 20-25). Gentles' total offense level was 37. (PSR ¶32)

Mr. Wilson was not deficient for failing to object to facts supporting the enhancements set forth in paragraphs 21 through 25 of the Presentence Report that were either proven at trial, or that the Probation Office had obtained proof based on its investigation of evidence that supported such enhancements-evidence that had also been

provided to Mr. Wilson. Furthermore, Gentles has not alleged, nor can he show, that he was prejudiced by Mr. Wilson's failure to object to the Guidelines enhancements recommended in his Presentence Report. In other words, Gentles' Total Offense Level would have remained at 37 had Mr. Wilson objected to any or all of the applicable guidelines enhancements recommended in the Presentence Report.

Of significance is that this Court granted Gentles a substantial downward variance from the recommended guideline imprisonment range of 210 months to 262 months, and imposed a sentence of 120 months. There is not a reasonable probability that this Court would have sentenced Gentles to less than 120 months had successful objections been made to some of the applicable guidelines enhancements.

Accordingly, Gentles's fourth claim for ineffective assistance of counsel is devoid of merit, is refuted by the record, and will be denied without an evidentiary hearing.

## E. GENTLES' CLAIM THAT U.S.S.G. § 2G2.2 VIOLATES THE EIGHTH AMENDMENT SHOULD BE DENIED

For his fifth claim, Gentles asserts an Eighth Amendment challenge to Section 2G2.2. (2255 Mot. Memo p. 31) Gentles is claiming that sentencing based on Section 2G2.2 is cruel and unusual punishment. However, Gentles failed to present this claim before this Court prior to trial or on appeal. As such, Gentles has defaulted on this claim.

Gentles is procedurally barred from presenting this claim for the first time in his Section 2255 Motion. "A § 2255 petition is not a second direct appeal and issues raised for the first time in a § 2255 petition are procedurally defaulted." *Meeks v. United States*, 742 F.3d 841, 844 (8th Cir. 2014). Since Gentles does not argue that he is actually

innocent, he must demonstrate cause and actual prejudice to excuse his procedural default for previously failing to raise his Eighth Amendment claim. *Id.*, citing *Charboneau v. United States*, 702 F.3d 1132, 1136 (8th Cir. 2013).

Gentles has failed to show cause and actual prejudice to excuse his failure to present this claim to this Court prior to trial, or on direct appeal. "It is rare for a term of years within the authorized statutory range to violate the Eighth Amendment." *United States v. Weis*, 487 F.3d 1148, 1154 (8th Cir. 2007) Gentles does not argue, much less establish, cause for his procedural default in failing to raise his Eighth Amendment claim before this Court prior to trial, or on direct appeal. Even if cause was alleged, and established, Gentles would not be prejudiced, because his Eighth Amendment claim would have been denied.

Accordingly, Gentles's fifth claim is devoid of merit and will be denied without an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, this Court denies all of the claims contained in Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Gentles has not made a substantial showing of the denial of a federal constitutional right.

Dated this 18th day of June, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE